**In the Matter of Craig W. GRAHAM, Respondent.**

**No. 10S00–0505–DI–206.**

Supreme Court of Indiana.

Oct. 6, 2008.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer. Leslie C. Shively, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**The Hearing Officer's Report:** *Count 1.* A decedent died intestate leaving as his sole heirs his mother ("Client 1") and his brother. Respondent agreed to handle the case for 3% of the estate value. Respondent took little action toward collecting assets and transferring them to the estate. Two years later, Respondent filed a "Final Account," although no assets had been distributed and inheritance taxes had not been paid. The Final Account showed the estate's value at $1,419,000,[1] which erroneously included assets that were owned solely by Client 1. The inclusion of these assets caused Respondent's fee to be in-

1. Amounts are approximated for simplicity.

flated substantially. Respondent later reopened the estate and corrected the value of the estate at $555,000. He filed a belated inheritance tax return, which resulted in late penalties. Respondent did not refund his fee overpayment of close to $26,000. After Client 1 hired an attorney to collect a refund, Respondent settled the claim for $10,000. On the day of the final hearing before the hearing officer in this case, Respondent tendered a check for $16,000 to Client 1 for the balance of the overpaid fees.

The Commission charged, among other things, that Respondent violated Professional Conduct Rules 3.3(a)(1) and 8.4(c) by filing the inaccurate Final Account with the trial court. The hearing officer found Respondent was merely incompetent in handing this matter and did not know the representations in the Final Account were raise when he made them. Upon review of the record, however, we find the evidence clear and convincing that Respondent must have known that the Final Report was incomplete and inaccurate in many respects when he filed it.

The Commission also charged that Respondent violated Professional Conduct Rule 8.4(b) by committing criminal conversion in not refunding his excess fee to Client 1. The hearing officer found the Commission failed to establish that Respondent's "initial fee" was the result of intentional conduct by the Respondent and thus tailed to prove violation of this rule. At the hearing before the hearing officer, however, Respondent admitted he knew he had been overpaid and offered no clear reason why he retained the overpayment to which he had no legal claim.

*Count II.* In 2002, "Mother" successfully petitioned to establish that Client 2 was the father of her child. Later, Client 2 retained Respondent to represent him in the matter. Respondent had actual knowledge that Mother had been represented by an attorney in the matter. Sometime in 2003, Mother and Client 2 discussed between themselves resolution of several issues. At Client 2's request, Respondent drafted an agreement addressing these issues, the parties signed it, and Respondent filed it—all without notice to Mother's attorney.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

*Count 1:* Ind. Professional Conduct Rules:

1.1: Failure to provide competent representation.

1.3: Failure to act with reasonable diligence.

3.3(a)(1): Knowingly making a false statement to a tribunal.

8.4(b): Committing a criminal act (conversion) that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

*Count II:* Ind. Professional Conduct Rule 4.2: Communicating with a party the lawyer knows is represented by another lawyer in the matter.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least 90 days, beginning November 14, 2008.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respon-

dent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties or their respective attorneys, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), and to Thomson/West for publication in the bound volumes of this Court's decisions.

All Justices concur.